**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ARTHUR COLEMAN, | : |
|                 Petitioner, | : Civil Action No. 09-6308 (PGS) |
| v. | : O P I N I O N |
| JOE ARPAIO, et al., | : |
|                 Respondents. | : |

**APPEARANCES:**

Arthur Coleman, Pro Se
#P536530
Maricopa County Sheriff's Office
201 S. 4th Avenue
Phoenix, AZ 85003

**SHERIDAN, District Judge**

    This matter is before the Court on Petitioner's application for habeas corpus relief, filed pursuant to 28 U.S.C. § 2254, and Petitioner's amended petition, filed approximately one month later. Petitioner's application consists of his petition and an application to proceed in forma pauperis. This Court grants Petitioner in forma pauperis status and, for reasons discussed below, finds that the petition must be dismissed for lack of jurisdiction since Petitioner is not "in custody," as required by 28 U.S.C. § 2254.

## BACKGROUND

Petitioner asserts that on August 5, 1996, he was sentenced by the Superior Court of New Jersey to a seven-year term of imprisonment, after pleading guilty to sexual assault and robbery charges, in violation of New Jersey law. See Pet. ¶¶ 1-5. It appears from the petition and amended petition that Petitioner's term was fully served, and Petitioner was released from New Jersey confinement. He is currently incarcerated in Arizona, and on December 18, 2009, was sentenced to one year confinement and three years probation. Petitioner does not disclose the reason for the Arizona confinement, and it is not relevant here.

Petitioner asserts that he is entitled to a writ of habeas corpus since at the time of his New Jersey sentence, he was not informed by his attorney or the court that he would be subject to sex offender registration and lifetime supervision, presumably under "Megan's Law," New Jersey's sex offender statutes, N.J.S.A. § 2C:7-2, et seq. Petitioner has not raised any of these claims before the New Jersey state courts.

## DISCUSSION

Pursuant to 28 U.S.C. § 2254(a), "a district court shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is **in custody** in violation of the Constitution or laws or treaties of the United States."

(Emphasis added). Thus, a federal court has no jurisdiction to entertain a habeas petition unless the petitioner meets the "in custody" requirement. Indeed, as the Court of Appeals for the Third Circuit has put it, "custody is the passport to federal habeas corpus jurisdiction." Dessus v. Pennsylvania, 452 F.2d 557, 560 (3d Cir. 1971), cert. denied, 409 U.S. 853 (1972). "Custody" is defined not only as physical confinement, but includes circumstances entailing such limitations on a person's liberty as those imposed during parole. See Maleng v. Cook, 490 U.S. 488, 491 (1989); see also Hensley v. Mun. Court, 411 U.S. 345 (1973) (determining that a habeas petitioner released on his own recognizance, who suffered restraints on freedom of movement not shared by public generally, met "in custody" requirement). However, a habeas petitioner is not "in custody" under a conviction when the sentence imposed for that conviction has fully expired at the time his petition is filed. See Maleng, 490 U.S. at 491.

Several circuits have determined that a petitioner is not "in custody" for purposes of 28 U.S.C. § 2254 if petitioner's "restraints" are limited to registration requirements. For example, in Williamson v. Gregoire, the Ninth Circuit addressed the question of whether a convicted child molester who had finished serving his sentence but was required to register under Washington state law as a sex offender, could be deemed "in

custody" for purposes of § 2254. See 151 F.3d 1180, 1182 (9th Cir. 1998), cert. denied, 525 U.S. 1081 (1999). The Williamson Court observed that, while the "in custody" requirement includes liberty restraints such as parole, released on own recognizance, and sentences of a few hours at an alcohol rehabilitation program, collateral consequences such as fines, revocations of licenses, and the inability to vote or serve as a juror are not sufficient to render the person "in custody." See id. at 1182-83 (citing Maleng, 490 U.S. at 492). The Williamson Court (1) held that the Washington sex offender law was more properly characterized as a "collateral consequence of conviction" rather than a restraint on liberty, see id.; and (2) found that the statute did not place a "significant restraint on [petitioner's] physical liberty." Id. at 1183-84. Furthermore, the registration requirement did not limit the petitioner's movement or deny him entry to anywhere he may wished to go, although it may have created "some kind of subjective chill on [his] desire to travel." Id. at 1184. Consequently, the Williamson Court found that "the constraints of this law lack the discernible impediment to movement that typically satisfies the 'in custody' requirement." Id.; see also Leslie v. Randle, 296 F.3d 518, 522-23 (6th Cir. 2002) (reaching same result as Williamson but analyzing Ohio's sexual predator statute); Henry v. Lungren, 164 F.3d 1240, 1242 (9th Cir. 1999) (reaching same result as

Williamson but analyzing California's sex offender registration law); McNab v. Kok, 170 F.3d 1246 (9th Cir. 1999) (reaching same result as Williamson but analyzing Oregon's sex offender registration law); accord Fowler v. Sacramento County Sheriff's Dep't, 421 F.3d 1027 (9th Cir. 2005); Resendiz v. Kovensky, 416 F.3d 952 (9th Cir. 2005); Miranda v. Reno, 238 F.3d 1156 (9th Cir. 2001); Cozzetti v. Ala., 1999 U.S. App. LEXIS 1318 (9th Cir. Jan. 27, 1999).

In a factually similar case, the District of New Jersey compared the Washington sex offender registration requirements to New Jersey's sex offender registration requirements and found them substantially similar. See Shakir v. N.J., 2006 U.S. Dist. LEXIS 1322, at *5-6 (D.N.J. Jan. 16, 2006). There, the Court found that the New Jersey sex offender registration requirement did not restrict Petitioner's liberty, in that it did not prevent him from traveling, and did not require him to make appearances before state officials. See id. Accordingly, the court adopted the reasoning of the Ninth Circuit in Williamson, and held that although the petitioner was subject to New Jersey's sex offender registration requirements, he was not "in custody" for purposes of § 2254. This Court agrees.

As such, because the requirement to register ensuing from the New Jersey sex offender statute is merely a collateral consequence to Petitioner's conviction, Petitioner's application

does not satisfy the "in custody" requirement of habeas review. Therefore, the petition should be dismissed for lack of jurisdiction. Accord Gargiulo v. Hayman, 2009 WL 1346620 (D.N.J. May 13, 2009)(Slip Copy); Shepherd v. New Jersey, 2006 U.S. Dist. LEXIS 84132 (D.N.J. Nov. 17, 2006); Burnhart v. Thatcher, 2006 U.S. Dist. LEXIS 34390 (W.D. Wash. Apr. 18, 2006) (so concluding); Sheikh v. Chertoff, 2006 U.S. Dist. LEXIS 10110 (N.D. Cal. Feb. 23, 2006) (same); D'Amario v. Lynch, 2005 U.S. Dist. LEXIS 41506 (D.R.I. Dec. 29, 2005) (same); Darnell v. Anderson, 2005 U.S. Dist. LEXIS 15125 (N.D. Tex. July 25, 2005) (same); Nevers v. Caruso, 2005 U.S. Dist. LEXIS 8969 (E.D. Mich. May 13, 2005) (same); Lannet v. Frank, 2004 U.S. Dist. LEXIS 15566 (W.D. Wis. Aug. 4, 2004) (same); Strout v. Maine, 2004 U.S. Dist. LEXIS 9635 (D. Me. May 27, 2004) (same); Quair v. Sisco, 359 F. Supp.2d 948 (E.D. Cal.2004) (same); In re Mardeusz, 2004 U.S. Dist. LEXIS 4520 (N.D. Cal. Mar. 15, 2004) (same); Bohner v. Daniels, 243 F. Supp.2d 1171 (D. Or .2003) (same); Rouse v. Chen, 2002 U.S. Dist. LEXIS 7733 (N.D. Cal. Apr. 19, 2002) (same); Chavez v. Superior Court, 194 F. Supp.2d 1037 (C.D. Cal. 2002) (same); Rankins v. San Francisco AG, 2001 U.S. Dist. LEXIS 14715 (N.D. Cal. Aug. 31, 2001) (same); Porcelli v.. United States, 2001 U.S. Dist. LEXIS 24649 (E.D.N.Y. July 13, 2001) (same); Thomas v. Morgan, 109 F. Supp.2d 763, 2000 U.S. Dist. LEXIS 12529 (N.D. Ohio 2000) (same); Carson v. Hood, 1999 U .S. Dist. LEXIS

17008 (D. Or. Oct. 26, 1999) (same); Tyree v. Holt, 1999 U.S. Dist. LEXIS 17098 (S.D. Ala. Sept. 10, 1999) (same).

In sum, since: (1) Petitioner's criminal sentence had fully expired by the time of his filing of the instant Petition; (2) the collateral consequences of his criminal conviction are limited to the registration requirement; and (3) he cannot "borrow" the fact of his civil confinement to overcome the jurisdictional hurdle, Petitioner is not "in custody" for the purposes of his 28 U.S.C. § 2254 challenges to his criminal conviction.[1]

### CERTIFICATE OF APPEALABILITY

The Court next must determine whether a certificate of appealability should issue. See Third Circuit Local Appellate Rule 22.2. The Court may issue a certificate of appealability only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons discussed above, this Court's review of the petition demonstrates that Petitioner failed to make a substantial showing

---

[1] This Court notes that even if Petitioner were "in custody" for purposes of habeas review, he has not demonstrated that any constitutional claims in this petition have been exhausted through the New Jersey state courts, as required by 28 U.S.C. § 2254(b)(1)(A), or that the state court adjudications "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of facts in light of the evidence presented in the State court proceeding." See 28 U.S.C. § 2254(d).

of the denial of a constitutional right necessary for a certificate of appealability to issue. Thus, the Court declines to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2).

## CONCLUSION

Because Petitioner is not "in custody" within the meaning of 28 U.S.C. § 2254, this Court does not have jurisdiction to grant the writ. Therefore, the petition for a writ of habeas corpus will be dismissed.

An appropriate order accompanies this opinion.

_____  -4/26/10
PETER G. SHERIDAN
United States District Judge